## Case No. 16,127.

### UNITED STATES v. READING.

[Hoff. Land Cas. 18.] [2]

District Court, N. D. California. June Term, 1853. [3]

MEXICAN LAND GRANTS—CONFIRMATION.

When the conditions of a grant have been performed cy prés, though no approval has been

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

[3] [Affirmed in 18 How. (59 U. S.) 1.]

given by the departmental assembly, the claim is entitled to confirmation.

[Claim by Pearson B. Reading for the Rancho Buenaventura, embracing a tract of six square leagues. Confirmed by the board of land commissioners, and appealed by the United States.]

S. W. Inge, U. S. Dist. Atty.

V. E. Howard, for appellee.

HOFFMAN, District Judge. Two objections to the confirmation of this claim are urged by the district attorney: (1) That the claimant had no capacity to take, being a foreigner. (2) That the conditions of the grant have not been substantially complied with.

First. The grant itself recites that the claimant was a naturalized Mexican citizen, at the time it issued, and it is shown that letters of naturalization were, in fact, issued to him. No fraud in obtaining them is pretended to have been committed by the claimant. Whether or not he was strictly entitled to receive them by Mexican law, is immaterial, for that question having been passed upon by Mexican authority, and the claimant in fact naturalized, it cannot now be contended that he was not, at the time of receiving his grant, a naturalized Mexican citizen. It is proper to observe that the proofs on this point were only furnished after the district attorney had taken his objection.

Second. With respect to the performance of the conditions, the proof shows that in August, 1845, less than one year after the date of the grant, the claimant went on the land, took possession, and selected a site for his house, which he left his servant to build. It was completed within a year, and inhabited until the person in charge was driven out by hostile Indians and the house burnt. A crop of wheat was raised on the land in 1845, and another in 1846; the latter was burnt with the house.

During the year 1845, Major Reading appears to have been called into service by General Sutter, in consequence of the political disturbances which then agitated the country. In 1846, he joined the Americans under Fremont, and continued in active service during the greater part of the year. In 1848, he returned to his rancho and has ever since resided on and cultivated it.

Under these circumstances, we look in vain for evidence of a willful abandonment of his grant, or even a neglect to perform substantially its conditions. The object of the Mexican government in making grants undoubtedly was to secure the cultivation and settlement of their vacant lands, and that object was attained in this case. Even if the conditions of the grant be construed to require the personal residence of the grantee on the land, the excuses shown by him for his omission to do so, are such as should in equity be received. In the year 1845 he was unex-

pectedly called upon to perform public duties which he had no right to decline; and the reasons for his neglect in 1846, are certainly such as should receive the favorable consideration of this government. Had no effort been made by the claimant to comply with the conditions of his grant, or had his only excuse been the existence of obstacles which equally existed and were known to him when he undertook their performance, the ruling of the supreme court in the case of U. S. v. De Villemont [13 How. (54 U. S.) 261], and other cases, would have compelled me to reject this claim. But under the facts as proved the case seems clearly within the principles laid down in Sibbald's Case, 10 Pet. [35 U. S.] 313. I think, therefore, that the partial performance of the conditions of this case within the time limited, and the excuses offered for the absence of full performance, are sufficient, under all the circumstances, to raise an equity in favor of the claimant, which entitles him to a confirmation.

[Upon an appeal to the supreme court the decree of this court was affirmed, Mr. Justice Daniel dissenting. 18 How. (59 U. S.) 1.]